

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2004

# USA v. Livingston

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Livingston" (2004). *2004 Decisions*. Paper 972.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/972

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1606
_____

UNITED STATES OF AMERICA

v.

FABIAN LIVINGSTON #04524-015,
*Appellant*

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. No. 02-cr-00041)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted February 26, 2004
Before: RENDELL, BARRY, and BECKER, *Circuit Judges.*

(Filed  February 27, 2004 )

_____

OPINION

_____

BECKER, *Circuit Judge*.

Defendant Fabian Livingston appeals from the judgment of the District Court,

following a jury trial, in which he was convicted of being a felon in possession of a

firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The facts are well known to the parties

and need not be repeated here.

Although this is a direct appeal, Livingston's principal claim is ineffective assistance of counsel. It will be useful to set forth the summary of Livingston's position on the issue:

> Mr. Livingston was denied his Sixth Amendment right to effective assistance of counsel in the district court. The evidence of both incompetence and conflict of interest leading to ineffective assistance is clear on the record. First, the record contains two very clear and numerous other confirmations and indications that Mr. Livingston's counsel gave him erroneous advise on a number of occasions. Most significantly trial counsel incorrectly advised his client that he was not prohibited from possessing a firearm in his home. Trial counsel also refrained from responding to the government's motion in limine and filing a defense motion in limine that was clearly prescribed by the professional standard in the community.
>
> Second, the record clearly contains indications that the poor advice rendered by trial counsel created a conflict of interest, in that counsel had an interest in keeping the erroneous advice a secret, whereas Mr. Livingston had an interest in arguing that this flawed advice was the reason for his conduct. Given the record's support of these contentions and the fact that new counsel is representing Mr. Livingston in this appeal, it is appropriate to decide the issue of trial counsel's ineffectiveness at this point.
>
> This issue comes down to one fact that this Court must be able to find evidence of in the record. If this Court believes that Mr. Stern did advise his client that he was allowed to have a firearm in is home, prior to the incident spurring the criminal charges, then there is a sufficient record to find that Mr. Stern was ineffective in representing Mr. Livingston. Either, Mr. Stern did not realize the advise was erroneous prior to and through at least part of the trial, and he was therefore rendering incompetent legal representation, or Mr. Stern became aware that his prior advice was incorrect early on, and then he was burdened by a conflict of interest throughout the representation, due to his personal interest in keeping secret the mistaken advice. Under either scenario or a combination of the two, it is clear that Mr. Livingston was denied his right to effective assistance of counsel.

Aided by this summary, we can dispose of this aspect of the matter summarily.

2

Our jurisprudence is clear that we do not review claims of ineffective assistance of counsel on direct appeal except under very narrow circumstances where there is clear evidence in the record of both deficient performance and prejudice requiring no further factual development. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003); *see also Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003) (holding that "ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to determining the adequacy of representation during an entire trial."). The Supreme Court explained that district courts, unlike appellate courts, may take testimony from witnesses from both parties as well as from the counsel alleged to have rendered deficient performance, *see id.*, and that without such factual development, a court is ill-equipped to make the highly fact-specific determination of whether counsel was ineffective and what, if any, prejudice resulted therefrom. *See id.* at 1694-95; *Thornton*, 327 F.3d at 271-72 (quoting *Massaro*).

We have carefully considered Livingston's argument but are unpersuaded. In our view there is no adequate record at this juncture upon which trial counsel's alleged ineffectiveness can be determined. The quoted statement from Livingston's brief itself reveals the inappropriateness of disposing of the ineffective assistance claim on direct appeal. To the extent that Livingston relies upon remarks made by counsel during sentencing that he contends show a misapprehension of the law prohibiting possession of a firearm by a felon, he is not aided. These unsworn remarks were made in the context of

3

a plea for leniency, not in response to Livingston's claim, and at all events, did not explain what, if any, advice Livingston was provided regarding his felon status and restrictions on possessing firearms. Also underdeveloped are the conflict of interest claim as well as the claim of poor advice concerning sentencing range. In short then, the ineffective assistance of counsel claim will have to be developed in a proceeding under 28 U.S.C. § 2225. While we will affirm the judgment, we do so without prejudice to Livingston's right to proceed under § 2255.

Livingston does make one claim cognizable on direct appeal, but it is without merit. The claim concerns a discovery violation regarding Detective Donlon's notes recording the "post-Lou's statements," i.e. those concerning purchases at Lou's Pawn Shop, which turned out to be in Chester, Pennsylvania. In Livingston's submission, information regarding these statements was not given to the defense in accord with the government's discovery obligations, and the District Court recognized the violation. In order to remedy the violation, the District Court ruled that all references to the undiscovered statements were inadmissible, including prior references that had already been heard by the jury. However, the District Court did not deliver a curative instruction telling the jurors to disregard the earlier references to these statements, as it said it would. Livingston argues that a new trial is therefore necessary.

Assuming the validity of Livingston's contentions, we are satisfied that he District Court's omission constituted harmless error under our (applicable) highly probable

4

standard. As the government points out:

> The contested statements mostly reiterated appellant's previous admissions concerning the missing gun, testimony about which was adduced at trial. Long before any mention of the follow-up conversation, Detective Donlon's testimony established that : (1) appellant admitted to keeping two guns in his bedroom safe, both of which were, to his knowledge, at his house on the day of the shooting; (2) only one gun, a 9mm Walther pistol, was recovered; (3) appellant admitted that he bought the missing gun from Lou's Pawn Shop in Chester, Pennsylvania; (4) appellant initially thought the missing gun was a .32 caliber but thereafter conceded that it might be a .380 caliber; (5) Lou's Pawn Shop had a record of sale of a .380 Lorcin pistol to "Fabian B. Brown" whose birth date was the same as appellant's; and (6) appellant admitted to using variously both the surnames "Brown" and "Livingston". This testimony was corroborated by both the Firearms Transaction Record and the box of .380 caliber ammunition found in appellant's master bedroom. Detective Donlon's follow-up conversation with appellant did little more than reiterate what appellant had already admitted – that the missing gun, which was then identified as a Lorcin pistol, was one of the two guns appellant kept in his safe, and that it was in fact .380 caliber.

The summarized testimony was largely repetitive of earlier testimony concerning Livingston's statements about the missing handgun. Additionally, the jury found that Livingston possessed both handguns charged in the indictment, either one of which supported his conviction; any error in admitting statements relating solely to one of the guns was therefore harmless.

The judgment of the District Court will therefore be affirmed without prejudice to Livingston's right to pursue a petition under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.

5